IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRA SEIDEL

   Plaintiff

v.                Case No. 1:20-cv-0924-DLF

ESTHER M. PETTIFORD, et al.,

   Defendants.

## ANSWER TO COMPLAINT OF ESTHER M. PETTIFORD

Defendant Esther M. Pettiford, by her undersigned counsel, Sandra T. Carson, Esquire, and MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP, hereby states as follows in Answer to the Plaintiff's Complaint:

1.  Denied.  Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

2.  Denied.  Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.  Admitted in part, denied in part.  Admitted only that the motor vehicle operated by Ms. Pettiford was operated by Academy Bus, LLC, but denied that said bus was owned by Academy Bus, LLC.  Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4.  Admitted in part, denied in part.  Admitted only that Ms. Pettiford was operating the bus with the permission of Academy Bus, LLC.  Defendant denies the remainder of the allegations contained in paragraph 4 of the Complaint.

1

5.      Admitted in part, denied in part.   Admitted only that Ms. Pettiford was an employee of Academy Bus, LLC.  Defendant denies  the remainder of the allegations contained in paragraph 5 of the Complaint.

6.      Denied.   Defendant denies the allegations contained in paragraph 6 of the Complaint and subparagraphs (a) – (h) thereof.

7.      Denied.   Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Denied.   Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      Denied.   Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Denied.   Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Denied.   Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Denied.   Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Denied.   Defendant denies the allegations contained in paragraph 13 of the Complaint.

The unnumbered paragraph following paragraph 13 of the Complaint in a prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not owe Plaintiff any duties alleged in the  Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not breach any duty allegedly owed to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was not injured as alleged.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered the injuries alleged, which is denied, the negligence, intentional acts, or conduct of persons or entities other Defendant, over whom Defendant had no control or right of control, and with whom Defendant had no legal relationship, was the sole proximate cause of those alleged injuries.

### SIXTH AFFIRMATIVE DEFENSE

The cause of action alleged in the Complaint is barred, or the damages claimed subject to reduction, by virtue of principles of waiver,  release, settlement, or accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

The doctrines of waiver and estoppel, collateral estoppel, and/or *res judicata* bar the cause of action alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

At all times relevant, Defendant acted  in a reasonable, prudent and careful manner and in accordance with all applicable standards of care.

### EIGHTH AFFIRMATIVE DEFENSE

Nothing done by Defendant was the proximate cause of Plaintiff's alleged injuries, if any.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiff suffered the injuries alleged in the Complaint, which is denied, there was an intervening, superseding cause or causes leading to the those alleged injuries, and therefore any alleged act, omission or conduct on the part of any of the Defendant was not the proximate and/or competent producing cause of the alleged injuries.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own contributory negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his claimed damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were the result of circumstances over which Defendant had no control or right of control and, therefore, Defendant is not liable.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his injuries, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert additional affirmative defenses that may become evident and/or available as this matter progresses.

WHEREFORE, having fully answered the Complaint, Defendant Esther M. Pettiford respectfully requests that this Honorable Court enter judgment in her favor and against Plaintiff, and award  them their costs, including attorney's fees, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/  Sandra T. Carson
Sandra T. Carson, Esquire (Bar No. 459852)
MINTZER SAROWITZ ZERIS
  LEDVA & MEYERS, LLP
810 Gleneagles Court, Suite 304
Towson, MD  21286
P: 410.583.8081
F: 410.821.1608
scarson@defensecounsel.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that on this 10th  day of April, 2020, I caused a true and correct

copy of the Answer to Complaint of Esther M. Pettiford to be served via e-mail on:

Paul N. Rouhana
Seigel & Rouhana, LLC
501 Fairmount Ave, Suite 100
Towson, MD  21286
Prouhana@srlegalgroup.com
**Attorneys for Plaintiff**

/s/  Sandra T. Carson
Sandra T. Carson (Bar No. 459852)